JOSEPH WALLHORMFECHTEL, Respondent, v. EDWARD DOBYNS, Appellant.

*Parties.*—Suit is properly brought in the name of the person with whom the contract is made, although the business may have been conducted under an assumed partnership name.

*Appeal from St. Louis Law Commissioner's Court.*

*Lackland, Cline & Jameson,* for respondent.

No brief for appellant on file.

BAY, Judge, delivered the opinion of the court.

The only point presented by the record in this case is, whether the suit was brought in the name of the proper party. The testimony shows that plaintiff kept a brickyard, and did business under the name and style of Joseph Williams & Co., though he sometimes did business in his own name. The brick furnished defendant came from plaintiff's yard, and plaintiff in person contracted with defendant.

The court, at the instance of defendant, declared the law as follows:

"If the court, sitting as a jury, believe from the evidence that defendant, Dobyns, contracted with Joseph Iringer, as agent for Joseph Williams & Co., to furnish brick for the erection of a brick building in Webster street, near Thir-

teenth street, and that the brick used were furnished under
that contract; and if the court, sitting as a jury, believe
further that Wallhormfechtel, the plaintiff, claims the value
of said brick so furnished, as original contractor with Dobyns,
the defendant, then it must find for the defendant, unless the
court believes from the evidence that the said Joseph Williams
& Co. and Joseph Wallhormfechtel are identically the same."

Under this instruction, given at the request of defendant,
the court had simply to determine whether plaintiff was the
*identical person represented by the name of Joseph Williams
& Co.*; and as the proof was conclusive of that fact, the court
could not have done otherwise, under defendant's own in-
struction, than find for the plaintiff.

The defendant's second instruction was properly refused,
as there was no evidence of the existence of a partnership.
Effinger, the witness relied upon to prove a partnership, stated
that he had nothing invested in the yard, but was simply in
the employ of plaintiff, receiving as wages forty dollars per
month.

The court properly overruled the motion of defendant to
dismiss; for if there was a misnomer, the defendant could
not take advantage of it in this manner.

Let the judgment be affirmed.   The other judges concur.